The parties are in the reverse order from that which they occupied in the trial court.

Defendant in error, who was plaintiff in the trial court, recovered a judgment against the Industrial Commission of Ohio for compensation to be paid out of the State Industrial Fund for injuries received on September 30, 1922, while working for the Central Brass Manufacturing Company, a contributor to the State Insurance Fund. He filed his application with the Industrial Commission October 16, 1922. Temporary total disability compensation was awarded. Later, to-wit, on December 15, 1925, he filed an application for modification of the award originally made, alleging that the injuries which he received in April 1922 compelled him to cease working April 26, 1924, which was the result of the original injury. The decision upon this claim was deferred by the Commission for investigation. On March 4, 1926, the Industrial Commission considered and re-opened the claim in the following language:

"That the Commission find that the claimant has been fully compensated for all disability resulting of this injury."

About June 11, 1926, defendant in error filed his application for a modification of the award. This was done upon the suggestion of the Industrial Commission, which came to his attorney in a letter dated June 2, 1926. On July 1, 1926, the following action was taken by the Commission:

"On this day, July 1, 1926, this claim, together with the proof on file, was presented to the Commission, by the Chief of the Division of Workmen's Compensation, considered and re-opened and a finding of facts was made as follows:

"Miss Moriarty moved that oral hearing be held in this case.

"This motion was seconded by Mr. Casey and voted upon as follows: Miss Moriarty, aye; Mr. Casey, aye."

On September 21, 1926, the Industrial Commission of Ohio disallowed the claim. An appeal was taken from this decision to the Common Pleas Court within thirty days from the date the claim was last disallowed.

The sole question is as to whether the appeal of the Common Pleas Court was taken within the thirty day period prescribed by the General Code.

It seems to us quite clear that since the Industrial Commission re-opened the claim as of the date of July 1, 1926, the same became a pending matter, and that the thirty day period for the filing of the appeal begins to run from the date when the Industrial Commission made its final decision, to-wit, December 31, 1926.

Holding as we do, the judgment of the Common Pleas Court will, therefore, be affirmed.

(Sullivan, PJ., and Vickery, J., concur in judgment.)

No. 845
OERGEL v. CIEHANSKI
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7773.   Decided Oct. 10, 1927.
First Publication of this Opinion

Hamilton, PJ., Cushing, J., and Mills, J., sitting.

Syllabus by Editorial Staff.

1105.   STATUTE   OF   FRAUDS.—923. Pleadings.—Not necessary to allege in petition, that contract is in writing, as statute of frauds is rule of evidence.

Error to Comomn Pleas.

Judgment reversed.

Turney & Sipe, Cleveland, for Oergel.

T. Paul Titus, Cleveland, for Ciehanski.

FULL TEXT.

PER CURIAM

In this case the trial court sustained a demurrer to the petition on the ground that the petition being a suit on a real estate contract fails to allege that the contract is in writing.

While Section 8621 provides that no action shall be brought, etc., the unbroken line of authorities hold that it is not necessary to allege in the petition that the contract is in writing, as the statute of frauds is a rule of evidence.

The petition was therefore good as against the demurrer and the demurrer should have been overruled.

The judgment will be reversed and the cause remanded with instructions to overrule the demurrer and re-instate the petition.

(Hamilton, PJ., Cushing, J., and Mills, J., concur in judgment.)

---

(Continued from Page 754)

to plaintiff, his negligence in undertaking to operate without notice of defendant's act, held no defense. Sofo v. Baker Co., OA. 5 Abs. 761.

**831.  NEGOTIABLE INSTRUMENTS.**

Questions, whether note sued on was purchased in due course before due, for consideration, and without knowledge of defects are questions of fact, to be determined by jury. Hamilton v. Ohio Contract Purchase Co., OA. 5 Abs. 760.

**897.  PATENTS.**

See 681. Jurisdiction. Gehring Co. v. McCue, OA. 5 Abs. 762.

**910.  PENALTIES.**

See 726 Liquidated Damages, Brannon v. Ohio Poultry Producers Co-op. Assn., OA. 5 Abs. 757.

**915.  PERSONAL INJURY.**

Where fingers of right hand are permanently injured, pleading and proof that injured party was preparing for career as piano player, proper. Parnell v. Dick. et, OA. 5 Abs. 755.

**923.  PLEADINGS.**

See 70 Amendment, Parnell v. Dick et, OA. 5 Abs. 755.

See 1105. Satute of Frauds. Oergel v. Ciehanski, OA. 5 Abs. 764.

**941.  PRACTICE AND PROCEDURE.**

See 831. Negotiable Instruments. Hamilton v. Ohio Contract Purchase Co., OA. 5 Abs. 760.

See 1223. Vacation. Kovacs et v. Molnar, OA. 5 Abs. 759.

**943.  PREJUDICE.**

See 405a. Disqualification. Fain v. State, OA. 5 Abs. 756.

**960.  PROOF.**

1. Where purchasers of automobile, when sued for price, set up vendor's misrepresentation, but did not

(Continued on Page 766)